IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00146-BNB

MICHAEL FISHER,

    Applicant,

v.

TOM CLEMENTS, Exec Director Colorado Dept of Corrections,
JOHN DAVIS, Warden, Buena Vista Correctional Facility, and
JOHN SUTHERS, Attorney General, State of Colorado,

    Respondents.

ORDER OF DISMISSAL

    Applicant, Michael Fisher, is a prisoner in the custody of the Colorado Department of Corrections. Through counsel, Mr. Fisher has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (ECF No. 1). Mr. Fisher is challenging the validity of his conviction in Adams County District Court case number 96CR1640.

    On January 24, 2013, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On February 6, 2013, Respondents filed their Pre-Answer Response (ECF No. 7) arguing that this action is untimely. On March 4, 2013, Mr. Fisher filed Applicant's Reply to the Defendants' Pre-Answer Response (ECF No. 8). For the

reasons stated below, the Court will dismiss the action as untimely.

Mr. Fisher was convicted by a jury of felony murder, aggravated robbery, and conspiracy to commit aggravated robbery. *See People v. Fisher*, 9 P.3d 1189, 1190 (Colo. App. 2000). He is serving a sentence of life imprisonment without the possibility of parole. The judgment of conviction was affirmed on direct appeal. *See id.* On October 10, 2000, the Colorado Supreme Court denied Mr. Fisher's petition for writ of certiorari on direct appeal. (*See* ECF No. 7-5.)

On October 1, 2001, Mr. Fisher filed in the trial court a *pro se* motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure. (*See* ECF Nos. 1-2 & 7-1 at 17.) On October 5, 2001, counsel was appointed to represent Mr. Fisher but no further action was taken in the state court proceedings until Mr. Fisher filed a letter two years later on October 28, 2003. (*See* ECF No. 7-1 at 17.) The record before the Court does not reveal the contents of the letter filed on October 28, 2003, but no action was taken with respect to the Rule 35(c) motion until nearly three more years had passed when, on October 20, 2006, Mr. Fisher filed a notice to set the Rule 35(c) motion for a hearing. (*See id.* at 16-17.) Following an evidentiary hearing, the trial court denied the Rule 35(c) motion on November 18, 2009. (*See* ECF Nos. 7-1 at 10-11 & 7-3.) The trial court's order denying the Rule 35(c) motion was affirmed on appeal. *See People v. Fisher*, No. 09CA2727 (Colo. App. Apr. 19, 2012) (unpublished) (ECF No. 1-8). On October 15, 2012, the Colorado Supreme Court denied Mr. Fisher's petition for writ of certiorari in the state court postconviction proceedings. (*See* ECF No. 7-2.)

Mr. Fisher filed the instant habeas corpus application on January 22, 2013, raising two claims for relief. He first claims that his Sixth Amendment right to counsel

was violated because his attorneys had an actual conflict of interest.  Mr. Fisher contends in his second claim that his right to due process was violated because the jury instruction on complicity failed to apprise the jury of the requisite mental state for the crime of accomplice to felony murder.

Respondents assert that the instant action is untimely because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Fisher's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

The Colorado Supreme Court denied Mr. Fisher's petition for writ of certiorari on direct appeal on October 10, 2000. Pursuant to Rule 13.1 of the Rules of the Supreme Court of the United States, Mr. Fisher had ninety days to seek review in the United States Supreme Court, but he did not do so. Therefore, Mr. Fisher's conviction became final on January 8, 2001, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.

The Court also finds that the one-year limitation period began to run on January 8, 2001, because Mr. Fisher does not allege he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he does not argue that he did not know or could not have discovered the factual predicate for his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether the one-year limitation period was tolled for any period of time. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the

motion is pending.  An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law but "does require some inquiry into relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).

The parties agree that Mr. Fisher filed a postconviction Rule 35(c) motion on October 1, 2001.  The parties also agree that the time between January 8, 2001, when the one-year limitation period began to run, and October 1, 2001, when the Rule 35(c) motion was filed, was not tolled and counts against the one-year limitation period.  The untolled period of time between January 8, 2001, and October 1, 2001, was 265 days.  Thus, when Mr. Fisher filed the Rule 35(c) motion on October 1, 2001, only 100 days of the one-year limitation period remained.

According to Respondents, the Rule 35(c) motion tolled the one-year limitation period for a period of time until that motion was abandoned by Mr. Fisher no later than October 28, 2004, or one-year after Mr. Fisher filed the letter to the trial court on October 28, 2003.  Therefore, Respondents contend that the one-year limitation period expired 100 days after October 28, 2004, which would have been February 7, 2005. Mr. Fisher counters that the Rule 35(c) motion was not abandoned and that the one-year limitation period was tolled pursuant to § 2244(d)(2) from October 1, 2001, when the Rule 35(c) motion was filed, until October 15, 2012, when the Colorado Supreme Court denied Mr. Fisher's petition for writ of certiorari in the state court postconviction proceedings.  If Mr. Fisher is correct, the instant action, which was filed ninety-nine days afer October 15, 2012, is timely.  For the reasons discussed below, the Court concludes that the Rule 35(c) motion was abandoned.

Under Colorado law at the time the Rule 35(c) motion was filed in 2001, it was "the responsibility of the court to rule on the motion within a reasonable time after its filing."  *People v. Fuqua*, 764 P.2d 56, 61 (Colo. 1988) (addressing a postconviction Rule 35(b) motion for reduction of sentence); *see also People v. Valdez*, 178 P.3d 1269, 1281 (Colo. App. 2007) (applying *Fuqua* in a case involving a Rule 35(c) motion). However,

> [w]hen the sentencing court fails to act on a timely filed [postconviction] motion . . . within a reasonable period of time, it then becomes the defendant's obligation to make reasonable efforts to secure an expeditious ruling on the motion.  In the absence of any reasonable effort by the defendant to obtain an expeditious ruling, the motion . . . should be deemed abandoned.

*Id.*  In 2004, Colorado Rule of Criminal Procedure 35(c)(3)(IV) was amended to add a

requirement that a district court "promptly review" a Rule 35(c) motion and complete its review within a specified period of time, originally sixty days and now sixty-three days, or set a new date for completing its review and notify the parties of that date. *See People v. Osorio*, 170 P.3d 796, 798 (Colo. App. 2007).

Mr. Fisher does not dispute that a postconviction motion in Colorado can be abandoned. Instead, he argues that a postconviction motion in Colorado cannot be abandoned unless the State moves to dismiss the postconviction motion and the trial court makes findings of fact that the postconviction movant abandoned the motion through either inaction or laches. However, Mr. Fisher cites no authority to support this argument. Furthermore, two decisions of the United States Court of Appeals for the Tenth Circuit address the abandonment of Rule 35(c) motions under *Fuqua* in the context of § 2244(d)(2) tolling without any mention that the state court must make a specific finding of abandonment. *See Stevens v. Medina*, 438 F. App'x 700, 703-704 (10th Cir. 2011); *Wood v. Milyard*, 403 F. App'x 335, 338-39 (10th Cir. 2010), *overruled on other grounds*, 132 S. Ct. 1826 (2012). Therefore, the Court rejects Mr. Fisher's argument regarding abandonment and will proceed to determine whether Mr. Fisher abandoned the Rule 35(c) motion by failing "to make reasonable efforts to secure an expeditious ruling on the motion." *Fuqua*, 764 P.2d at 61.

The record before the Court demonstrates that Mr. Fisher took no action with respect to the Rule 35(c) motion filed on October 1, 2001, for at least two years. On October 28, 2003, Mr. Fisher filed a letter in his criminal case, although it is not clear whether the letter related to the Rule 35(c) motion. (*See* ECF No. 7-1 at 17.) After the letter was filed, nearly three more years passed with no further action until Mr. Fisher

filed a notice to set the Rule 35(c) motion for a hearing on October 20, 2006.  (*See id.* at 16-17.)  Based on these facts, and even assuming the letter filed on October 28, 2003, was related to the Rule 35(c) motion, the Court concludes that Mr. Fisher abandoned the Rule 35(c) motion at some point during this five-year period because there is no indication that he made any reasonable efforts to obtain an expeditious ruling on the motion.  *See Stevens*, 438 F. App'x at 703 (concluding that movant's Rule 35(c) motion should be deemed abandoned because he failed to seek a ruling on his claims for eighteen months after mandate returned to the district court and the motion itself was nearly five years old).  In other words, Mr. Fisher's inaction demonstrates he was not "attempting, through proper use of state court procedures, to exhaust state court remedies."  *Barnett*, 167 F.3d at 1323.

The next question is whether an abandoned state court postconviction motion tolls the one-year limitation period.  In *Stevens*, the Tenth Circuit determined that an abandoned Rule 35(c) motion in Colorado was not a properly filed application for postconviction relief and did not toll the one-year limitation period for any period of time.  *See Stevens*, 438 F. App'x at 704.  However, in *Wood*, the Tenth Circuit indicated that a Colorado Rule 35(c) motion that subsequently is abandoned will toll the one-year limitation period until abandoned because, upon abandonment, "AEDPA's tolling provision will deactivate, and the limitations period will run."  *Wood*, 403 F. App'x at 339.

Even if the Court assumes that the Rule 35(c) motion was properly filed and tolled the one-year limitation period for a reasonable period of time during which both the trial court failed to act and Mr. Fisher failed to make any reasonable effort to obtain an expeditious ruling, the Court agrees with Respondents that the Rule 35(c) motion

must be deemed abandoned, and any tolling deactivated, no later than October 28, 2004, which is one-year after Mr. Fisher filed the letter to the trial court on October 28, 2003. Because only 100 days of the one-year limitation period remained to run at that time, the Court finds that the one-year limitation period expired no later than February 7, 2005.[1] As a result, the Court finds that the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the petitioner actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court in *Schlup* [*v. Delo*, 513 U.S. 298 (1995),] and *Coleman* [*v. Thompson*, 501 U.S. 722

---

[1] The 100th day after October 28, 2004, was Saturday, February 5, 2005. Therefore, the deadline was extended until Monday, February 7, 2005. *See* Fed. R. Civ. P. 6(a)(1)(C).

(1991)]." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010). Therefore, in the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim. *See id.* at 1230-31. However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

Mr. Fisher fails to demonstrate or even argue that the one-year limitation period should be tolled for equitable reasons and the Court finds no basis for equitable tolling in this action. As a result, the Court finds that this action is barred by the one-year limitation period and the action will be dismissed for that reason.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  18th  day of     March        , 2013.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge  
United States District Court